UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDY ALEXANDER ORDONEZ (A# 249-497-112)

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-05413 DJC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO"). The assigned District Judge referred the matter to the undersigned for all further proceedings pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). ECF No. 7.

Petitioner, an 18-year-old native and citizen of Guatemala, entered the United States without inspection on August 26, 2024. ECF No. 9-1 at 4 (Form I-213). Petitioner encountered Border Patrol agents and was removed/returned under circumstances unexplained in the record. Id. Petitioner reentered the United States without inspection on an unknown date. Id. at 3. Immigration and Customs Enforcements ("ICE") agents conducted a traffic stop of Petitioner's vehicle on June 20, 2026, as part of an immigration enforcement operation. Id. ICE arrested Petitioner for illegal entry under 8 U.S.C. § 1325 and issued him a Notice to Appear. Id.

Petitioner is detained in the Golden State Annex within this judicial district. ECF No. 1 at 2.

Petitioner filed a § 2241 petition and TRO motion on July 13, 2026, challenging his ongoing detention without a bond hearing under the Due Process Clause of the Fifth Amendment. ECF Nos. 1, 3. Respondents oppose the petition and assert that Petitioner is subject to the mandatory, pre-removal order detention statute, 8 U.S.C. § 1225(b). ECF No. 9 at 1. Nevertheless, citing the pre-removal order posture of Petitioner's immigration proceedings and his "criminal history," which includes a pending DUI charge stemming from an arrest on May 3, 2026, Respondents claim this is the type of case where "the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." Id. Respondents add that they "do not offer any opposition at this time to the Court ordering a bond hearing" and request a 14-day period in which to set the proceeding. Id.

Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) during his removal proceedings is based on the minority viewpoint in this Circuit. See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). The undersigned agrees with the majority view that Petitioner, as a noncitizen apprehended while living within the interior of the United States, is detained pursuant to § 1226(a). See Morillo v. Albarran, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); E.L.D.M. v. Becerra, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

"Section 1226(a) affords noncitizens a statutory right to a bond hearing before an immigration judge." Perez v. Chestnut, No. 1:26-CV-00277-DJC-CKD, 2026 WL 1622868, at *1 (E.D. Cal. June 5, 2026) (citing Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025)). Because Respondents have denied Petitioner that procedural right, the undersigned finds they have violated Petitioner's due process rights and recommends that the petition be granted on Petitioner's sole Fifth Amendment claim.

Respondents state the Court typically orders a bond hearing in this type of case and does not oppose that form of relief. But Respondents cite no authorities and give no explanation other

than a passing reference to Petitioner's criminal history and citation to his FBI "rap sheet." ECF No. 9 at 1. Absent a specific reason why Petitioner's unadjudicated DUI charge would make a bond hearing—as opposed to release—the appropriate remedy, the undersigned finds that release is warranted. See Morillo, 2025 WL 3190899 (ordering release of petitioner who entered without inspection and had no subsequent encounter with immigration officials); E.L.D.M., 2025 WL 3707140) (same); but see Isidor v. Noem, No. 1:26-CV-01508-DJC-SCR, 2026 WL 541967, at *1 (E.D. Cal. Feb. 26, 2026) (ordering bond where Petitioner received a state DUI conviction and served time in prison after entering without inspection).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's § 2241 petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

   a. Respondents be ordered to immediately release Petitioner Andy Alexander Ordonez (A# 249-497-112) from their custody. Respondents shall not impose any additional restrictions on him/her/them, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and

   b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

2. Any order adopting these findings and recommendations include language that they do not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. Petitioner's TRO motion (ECF No. 3) and motion to appoint counsel (ECF No. 4) be DENIED as moot.

4. The Clerk of the Court be ordered to enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE